[No. 13828.   Department Two.   January 4, 1917.]

THE STATE OF WASHINGTON, *on the Relation of W. W. Robinson Company, Plaintiff*, v. MITCHELL GILLIAM *et al., Respondents.*[1]

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—POSSESSION OF PAPERS—BOND—STATUTES.  Under Rem. Code, § 137, providing that the court may require an attorney to deliver over money or papers received in the course of his employment, and § 138, providing that, if the attorney claims a lien, the court may fix the amount of security to be given by the client to satisfy the lien or may summarily inquire into the facts on which the lien is founded, it is error, on application of the client for the delivery of money, books, and papers, for the court to do neither and to dismiss the proceedings, on the theory that the rights of the parties could be tried out in the attorney's action for fees and expenses; since the client was entitled to his property pending such litigation.

Application filed in the supreme court November 13, 1916, for a writ of mandamus.   Granted.

*J. L. Corrigan*, for relator.

*Jay C. Allen*, for respondents.

MOUNT, J.—This is an application for a writ of mandamus to require the trial court to fix the amount of a bond to be furnished by the relator, and to enter an order, upon such bond being furnished, requiring the respondent Olson to deliver certain money and property to the relator.

It appears that, in the year 1915, certain accounts were delivered by an agent of the relator to Mr. Olson for collection; that thereafter Mr. Olson collected one of these accounts, amounting to $75, and assigned another account for $729.10, and collected that amount upon such assignment; that afterwards, in October, 1916, the relator demanded all books, papers, documents, and money, belonging to it, from Mr. Olson, who refused to deliver the same on demand; that thereafter a petition was filed with the superior court of

King county stating these facts, and praying for an order upon Mr. Olson to deliver the money, books and papers to the relator. In answer to this petition, Mr. Olson filed a general demurrer, supplemented by an affidavit, admitting that he was an attorney-at-law; that he had been employed to collect certain accounts belonging to the relator; that he had collected accounts and performed other legal services; that he had rendered a statement of account to the relator for a balance of $156.10, after appropriating all the money he had collected. In his affidavit, he further stated that he had assigned his account to one B. Campbell for collection; that Campbell, after the petition was filed, had brought an action against the relator to recover the amount of the attorney's fees due to Mr. Olson; and that the moneys collected and papers and books in his possession were held by him to secure an attorney's lien. Upon substantially these facts, the trial court dismissed the petition, whereupon application is made here for this writ.

The statute (Rem. Code, § 137) reads as follows:

"When an attorney refuses to deliver over money or papers to a person from or for whom he has received them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt."

Section 138 (Rem. Code) provides as follows:

"If, however, the attorney claim a lien upon the money or papers, under the provisions of this chapter, the court or judge may,—

"(1)   Impose as a condition of making the order that the client give security, in a form and amount to be directed, to satisfy the lien, when determined in an action;

"(2)   Summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or

"(3)   To refer it, and upon the report determine the same as in other cases."

It seems clear from a reading of these sections that, when the claim of lien was made upon the money and papers in the attorney's hands, then the court should have proceeded summarily to inquire into the facts upon which the claim of lien was founded and determined the same. The least the court should have done was to fix the amount of a bond to secure the attorney for whatever lien he might have, and to require the money and papers in the hands of the attorney to be delivered to the relator. The court refused to do either, but dismissed the proceedings, no doubt upon the theory that the rights of the parties would be tried out in the action upon the assigned claim for attorney's fees and expenses; but, pending that litigation, it is plain, under the terms of the statute, the relator is entitled to its property upon the filing of a bond to secure the attorney for whatever fees he shall be entitled to. It was the intention of the statute that the client should have his property immediately, and that the attorney might rest secure that he would obtain his reasonable fees. No harm can come to the attorney if the bond is given. Irreparable loss may occur to the relator if the property in the hands of the attorney is not delivered to the relator. We are satisfied that it was the duty of the trial court to proceed summarily and determine the amount of the attorney's fees, if any. Not having done so, it was clearly a duty to fix the amount of the bond which might be given by the relator to secure such fees pending their determination. The relator, under the statute, is clearly entitled to have the court fix a bond, and upon the giving of such bond, to require the attorney to immediately deliver the moneys and papers and books which belong to the relator. It is so ordered. The costs of this application to be taxed against the respondent Olson.

MORRIS, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.