908 P.2d 889 (1995)
80 Wash.App. 306
Marlow KREIN and Melinda Krein, husband and wife, and Sabrina Artz, a minor, Respondents,
v.
NORDSTROM, a Washington corporation, Defendant. and
William R. Levinson, Appellant.
No. 33665-7-I.
Court of Appeals of Washington, Division 1.
September 5, 1995.
Publication Ordered January 9, 1996.
*890 Russell Samples, Seattle, Robert Nylander, Cutler & Nylander, Seattle, for Appellant.
William Bailey, Seattle, for Respondents.
GROSSE, Judge.
William R. Levinson was discharged by his client in a contingent fee case that ultimately ended with a substantial settlement for the client. Levinson asserted an attorney's lien as to this settlement. The issue of the lien and the amount to be awarded Levinson for his efforts was tried in a summary proceeding on affidavits. Levinson quarrels with that procedure and the amount of the award. Contrary to his assertions, we hold that the statutory procedure, although summary in nature, comports with the requisites of due process and that the amount of the award was reasonable.
Melinda Krein, her husband Marlow, and their daughter Sabrina Artz were injured in a traffic accident. Melinda was seriously injured. Levinson was retained to represent them on a contingent fee basis. Levinson settled the claims of Marlow Krein and Sabrina Artz but was discharged by Melinda Krein because she did not believe that she was getting adequate representation. Levinson filed an attorney's lien.
When the case settled through the additional efforts of new attorneys for Melinda Krein, the defendant's insurer issued a separate check for $130,315.67 payable to Melinda Krein, and all the attorneys involved in the matter, including Levinson. After Levinson refused to endorse the check, the funds were placed in a blocked account requiring Levinson's signature or a court order for release.
The statutory scheme with which Levinson quarrels is set forth in RCW 60.40.[1]
*891 The statutory procedure was followed and a judge of the superior court heard the motion for summary adjudication. The court set the case over for a one-half day trial on the short matter calendar, allowing oral testimony from Melinda Krein and Levinson, with the remainder of the evidence presented by affidavit or declaration. The court heard testimony and cross examination of Melinda Krein and Levinson. The remainder of the evidence included declarations and affidavits from experts and those involved in the case. The declarations of the experts regarding a reasonable value for Levinson's services ranged from $0 to $130,000. Levinson did not keep time records, but estimated that he spent 141 hours on the case. He also indicated that his staff spent at least 460 hours on the case. Levinson testified his customary fee was billed out at $110 an hour.
In its oral decision, the trial court indicated it was surprised by Levinson's lack of preparation in the personal injury case. The court was disturbed by the fact that Levinson failed to obtain a guardian ad litem for Sabrina Artz before that settlement, and found that Levinson failed to communicate a certain settlement offer to Melinda Krein. However, the court, using Levinson's estimate of approximately 141 hours, awarded him $20,000 in attorney fees and $5,000 for staff work.[2] The court ordered disbursement of the funds to Levinson, with the remainder in the blocked account dispersed to the other attorneys for Melinda Krein.
As stated, State ex rel. Robinson Co. v. Gilliam, 94 Wash. 243, 161 P. 1194 (1917), discussing the forerunner to the attorney lien statute later codified verbatim by RCW 60.40:
It was the intention of the [attorney's lien] statute that the client should have his property immediately, and that the attorney might rest secure that he would obtain his reasonable fees.
State ex rel. Robinson v. Gilliam, 94 Wash. at 245, 161 P. 1194. The court has recognized that the statute protects both the rights of the client and the attorney. Further, in Gilliam, the Supreme Court concluded that it would be error to deny a client's request for a summary adjudication of an attorney's lien. The court held that once the client asks the superior court to adjudicate the claim of lien, it must determine the fees or fix a bond.
The same is true here. An attorney's fee lien gives an attorney the power to encumber a client's property without notice or hearing. In fact, Levinson encumbered the fee check for a period of almost 2 years. Thus, due process for the client requires an expeditious procedure, such as that found in RCW 60.40.030.
Levinson's challenge to the summary proceeding and the error claimed due to the lack of a full adversarial hearing, based on a reference to an Oregon scheme, is without merit. He attempts to distinguish between a retaining lien and a charging lien. This distinction is made in the Oregon statutes, but not in Washington. Levinson claims he did not have papers or money belonging to Melinda *892 Krein such to invoke the lien statute. We disagree. He had actual possession of the check, and later had, at the very least, constructive possession of the funds because of the blocked account.
The scope of due process involves a balancing of the private interest to be protected, the risk of erroneous deprivation of that interest by governmental procedure, and the government's interest in maintaining such a procedure. Soundgarden v. Eikenberry, 123 Wash.2d 750, 768, 871 P.2d 1050, cert. denied, ___ U.S. ___, 115 S.Ct. 663, 130 L.Ed.2d 598 (1994); see also Morris v. Blaker, 118 Wash.2d 133, 144-45, 821 P.2d 482 (1992) (citing Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)). Here, considering the fee to be determined, the scope of the hearing called for under the statute, and the actual hearing held, Levinson was given ample notice and opportunity to be heard. Our statute, and the procedure followed, fully comports with due process.
Moreover, Levinson points to no specific prejudice resulting from adherence to the statutory procedure used. He failed to make an offer of proof as to what he could have proved in a longer hearing. He does not allege the trial court precluded him from presenting testimony, at least in the form of affidavits or declarations. In short, he does not show how he was harmed by the procedure below. Accordingly he will not be allowed to complain on appeal. ER 103(a)(2). The trial court did not err.
Next, Levinson claims the trial court abused its discretion in awarding him a fee of only $20,000. A review of the proceeding disputes this claim. "It has long been the rule in this state that where the compensation of an attorney is to be paid contingently, and the attorney is discharged prior to the occurrence of the contingency, the measure of the fee is not the contingent fee agreed upon but reasonable compensation for the services actually rendered." Barr v. Day, 124 Wash.2d 318, 329, 879 P.2d 912 (1994) (citing Ross v. Scannell, 97 Wash.2d 598, 608-09, 647 P.2d 1004 (1982)).
The trial court's determination of what constitutes a reasonable award will not be reversed absent an abuse of discretion. Allard v. First Interstate Bank, 112 Wash.2d 145, 148, 768 P.2d 998, 773 P.2d 420 (1989). The parties agree that a lodestar formulation is appropriate. See Bowers v. Transamerica Title Ins. Co., 100 Wash.2d 581, 675 P.2d 193 (1983). They disagree as to what the evidence showed and whose experts the trial court should have believed.
The trial court concluded in its oral opinion that Levinson's performance was less than adequate in a number of areas. Despite this fact, the trial court accepted Levinson's estimate of the number of hours he spent on the case and multiplied this number by his usual hourly rate, coming up with a figure approximating $15,000. The court then added $5,000 for paralegal and administrative support and awarded the total of $20,000. This approach followed Barr v. Day.
A review of the oral opinion indicates the trial court did not abuse its discretion in computing the award. There is nothing unreasonable about the trial court's decision, and that decision is affirmed.
KENNEDY and COX, JJ., concur.
NOTES
[1] RCW 60.40.010 provides:

"Lien created. An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided: (1) Upon the papers of his client, which have come into his possession in the course of his professional employment; (2) upon money in his hands belonging to his client; (3) upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party; (4) upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice."
RCW 60.40.020 provides:
"Proceedings to compel delivery of money or papers. When an attorney refuses to deliver over money or papers, to a person from or for whom he has received them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt."
RCW 60.40.030 provides:
"Procedure when lien is claimed. If, however, the attorney claim a lien, upon the money or papers, under the provisions of this chapter, the court or judge may: (1) Impose as a condition of making the order, that the client give security in a form and amount to be directed, to satisfy the lien, when determined in an action; (2) summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or (3) to refer it, and upon the report, determine the same as in other cases."
[2] The court did not comment on the fee already received by Levinson for the settlements negotiated for Sabrina Artz and Mr. Krein.