**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Estate of:<br><br>HEIDEMARIE STAAB, a/k/a<br>HEIDEMARIE LISELOTTE STAAB,<br><br>       Deceased. | No. 86038-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

KEOKI STAAB,

       Petitioner,

       v.

HOLGER SIEGWART, in his capacity as
the Personal Representative to the
ESTATE OF HEIDEMARIE STAAB, a/k/a
HEIDEMARIE LISELOTTE STAAB and
THOMAS BRAUSSE,

       Respondent.

FELDMAN, J. — The Jackson Law Firm, P.A. dba Jackson Law International (Jackson) appeals a superior court commissioner's order concluding (1) the attorney's lien filed by Jackson in this matter "is frivolous and is REMOVED . . . and Jackson shall take the necessary steps to release the lien," and (2) Thomas Brausse, respondent herein, "is GRANTED his attorney fees and costs." Jackson argues that the commissioner's ruling is procedurally flawed and violates its due

1

process rights. It further claims that the commissioner erred in awarding attorney fees in Brausse's favor. We affirm the commissioner's rulings regarding the attorney's lien, remand the fee award for required findings, and deny Brausse's request for attorney fees on appeal.

Brausse retained Jackson to assist the law firm of Ryan Swanson & Cleveland, PLLC (Ryan Swanson) in securing information located in Germany for use in a lawsuit pending in King County Superior Court. The matter eventually settled, and Ryan Swanson received the settlement proceeds. Although Brausse made several payments to Jackson for its legal services, Jackson subsequently filed a notice of attorney's lien in the amount of $65,954.23. Brausse requested invoices substantiating the additional fees, and the parties dispute whether those invoices were provided. To resolve the resulting impasse and determine what amount, if any, was owed to Jackson, Brausse filed a motion for an order to show cause why the settlement funds held by Ryan Swanson should not be released. Among other arguments, Brausse asserted that he and his attorney had requested, but not received, invoices or other suitable records substantiating the lien. The commissioner issued an order to show cause directing Jackson to appear at a scheduled hearing and "then and there to show cause, if any, why settlement funds held by Ryan Swanson . . . should not be released . . . for the reasons set forth in" Brausse's show cause motion. The commissioner granted Brausse's motion at the conclusion of the hearing, after hearing oral argument from both parties and reviewing their submissions.

Contrary to Jackson's argument, the superior court proceedings were not procedurally flawed. Attorney's liens are governed by ch. 60.40 RCW. RCW 60.40.030, entitled "Procedure when lien is claimed," states:

> If, however, the attorney claim a lien, upon the money or papers, under the provisions of this chapter, the court or judge may: (1) Impose as a condition of making the order, that the client give security in a form and amount to be directed, to satisfy the lien, when determined in an action; (2) summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or (3) to refer it, and upon the report, determine the same as in other cases.

Relevant here, the statute does not prescribe any particular procedure. Instead, prong (2) broadly authorizes courts to "summarily" inquire into the facts on which a lien is founded and "determine the same." RCW 60.40.030(2).

Case law is to the same effect. In *King County v. Seawest Inv. Assocs., LLC*, 141 Wn. App. 304, 170 P.3d 53 (2007), the trial court held an evidentiary hearing to determine the validity of an attorney's lien filed in the underlying litigation. The court concluded that the parties "had entered into a binding written fee agreement" and that the fees at issue "were reasonable" and directed payment of said fees into the court registry. *Id.* at 308-09. Addressing the procedure for adjudicating these issues, the court of appeals reiterated, "In *Angeles Brewing*, our supreme court placed the question of how to properly adjudicate an attorney's lien on a judgment squarely within the discretion of the trial court." *Id.* at 317 (citing *State ex rel. Angeles Brewing & Malting Co. v. King County Superior Court*, 89 Wash. 342, 345, 154 P. 603 (1916)).

Based on our careful review of the trial court record, including the report of proceedings, the summary adjudication at issue here comports with the above

authorities. The commissioner's show cause order directed Jackson to "show cause, if any, why settlement funds held by Ryan Swanson . . . should not be released . . . for the reasons set forth in" Brausse's show cause motion, which expressly noted the absence of supporting invoices. Without those invoices, or comparable evidence such as detailed billing records, the commissioner could not properly determine whether the claim of lien—totaling $65,954.23—was founded on sufficient facts in accordance with RCW 60.40.030 or, alternatively, whether a different and lesser amount would be appropriate. Yet Jackson did not provide those invoices to the commissioner before the hearing, nor did he do so at the outset of the hearing. Jackson alone is responsible for the consequences of that recalcitrance.

For similar reasons, we reject Jackson's argument that the trial court proceedings violated its due process rights. In *Krein v. Nordstrom*, 80 Wn. App. 306, 908 P.2d 889 (1995), the court considered whether the lack of a full adversarial hearing in adjudicating an attorney's lien comports with due process. The attorney claimant, Levinson, asserted an attorney's lien as to a settlement payment after he was discharged by his client in a contingent fee case. *Id.* at 307. Similar to the trial court proceedings here, the proper amount of the fee in *Krein* "was tried in a summary proceeding on affidavits." *Id.* Rejecting Levinson's due process argument, the court held: "considering the fee to be determined [allegedly totaling $130,000], the scope of the hearing called for under the statute [RCW 60.40.030, discussed above], and the actual hearing held, Levinson was given ample notice and opportunity to be heard. Our statute, and the procedure followed,

- 4 -

fully comports with due process." *Id.* at 310. As the above discussion shows, Jackson was likewise given ample notice and opportunity to be heard. His due process argument thus fails.

Next, Jackson argues that the commissioner erred in awarding attorney fees to Brausse. We agree. "A court may award attorney fees only when authorized by a contract, a statute, or a recognized ground in equity." *Ahmad v. Town of Springdale*, 178 Wn. App. 333, 343, 314 P.3d 729 (2013). Here, Brausse requested fees in the trial court under RCW 60.08.080(5) and RCW 4.84.185. The first provision cited by Brausse, RCW 60.08.080(5), does not apply here because it relates to frivolous or clearly excessive chattel liens, *see* RCW 60.08.010, not attorney's liens such as the lien at issue here. The second provision cited by Brausse, RCW 4.84.185, allows a trial court to award attorney fees to the prevailing party in refuting a frivolous action or defense but expressly requires "written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause." The commissioner here did not enter the required findings. Absent such findings, "we are unable to determine whether the trial court abused its discretion in granting attorney fees under this statute." *N. Coast Elec. Co. v. Selig*, 136 Wn. App. 636, 650, 151 P.3d 211 (2007). We therefore remand with directions to reconsider the RCW 4.84.185 basis for the fee award and to enter appropriate findings if the award is confirmed on that basis.

Lastly, Brausse requests fees on appeal under RCW 4.84.185, both because it recovered attorney fees below and because Jackson's appeal is

frivolous. But the trial court's fee award lacks the required findings, and this court has held that RCW 4.84.185 does not provide a basis for recovery of fees on appeal. *See Hanna v. Margitan*, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016) ("Because RCW 4.84.185 requires written findings to support an award of attorney fees for a frivolous claim, and appellate courts do not make findings, RCW 4.84.185 does not authorize an award of fees on appeal."). Accordingly, we deny Brausse's request for an award of fees on appeal.

Affirmed in part and remanded in part.

Feldman, J.

WE CONCUR:

Díaz, J.

Birk, J.