[No. 17009.   Department Two.   May 12, 1922.]

George F. Cowan *et al., Respondents,* v. Ulysses L. Gladder *et al., Appellants.*[1]

Easements (4, 5)—Creation—Easements Appurtenant or in Gross.   An easement running with the land is created by a deed of a lot, except eight feet along the east side reserved by the grantor for a driveway to another lot, which deed recited that the title to the lot vests in the grantee and the eight feet vest in the grantor; and the grantor cannot extinguish the easement after conveying the dominant lot.

Same (5).   In such a case, evidence of an agreement for an exchange of favors, or that there was only an occasional use and no visible roadway, does not affect the right given by the recorded instrument.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered June 28, 1921, upon findings in favor of the plaintiffs, in an action for damages and for an injunction, tried to the court. Affirmed.

*Carl W. Swanson,* for appellants.

*Berkey & Cowan,* for respondents.

Hovey, J. — On April 20, 1909, Marguerite and Edward R. Byrd owned lots 11 and 16, in block 7, of Richland Park Addition to Spokane.   The rear ends of the two lots joined, each lot facing on a different street and there being no alley between them.   On that date the owners sold lot 16 to U. G. Hoover, by a deed of general warranty containing in addition to the usual covenants the following:

"Excepting eight feet along the east side of said lot for a driveway, which said parties of the first part reserves for the purpose of driving over same to lot 11 in block 7 of Richland Park Addition.   Said drive-

[1]Reported in 206 Pac. 923.

way shall be used by the occupants and owners of both said lots 11 and 16. It is hereby understood that the title to the whole of said lot 16 vests in said party of the second part and the driveway in said first parties.''

The appellants are now the owners of this lot by mesne conveyances.

On October 5, 1911, Byrd and wife conveyed lot 11 to the predecessor in interest of respondents. In 1914, Byrd and wife executed a quitclaim deed to appellants purporting to release the easement created by the instrument first mentioned.

It will be seen that the question involved is whether an easement was created by the first instrument, and, if so, whether it ran with the land or was simply an easement in gross creating a right personal to the grantor.

In our opinion, the instrument created an easement appurtenant to lot 11 (19 C. J. 906), and this easement passed by the various conveyances made of that lot and now exists in favor of the respondents as owners of the lot. 19 C. J. 935. When Byrd parted with his title to lot 11 he had no further control over the easement and his subsequent deed is without effect.

Contention is made by appellant that there was some understanding or agreement for exchange of favors between the owners of the two lots, but this cannot be held to have any effect upon the written instrument which is a matter of record.

It is further objected that there is not a visible roadway but only an occasional use of the easement, but this does not militate against the right. *Welsh v. Taylor,* 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535; *Davidson v. Ellis,* 9 Cal. App. 145, 98 Pac. 254; *Edgerton v. McMullan,* 55 Kan. 90, 39 Pac. 1021; *Northern Counties Inv. Trust v. Enyard,* 24 Wash. 366, 64 Pac.

516; *Van Buren v. Trumbull*, 92 Wash. 691, 159 Pac. 891, L. R. A. 1917A 1120.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and MAIN, JJ., concur.