W. MARVIN KEMERY *et al., Respondents,* v. WILLA WILCOX
MYLROIE, *Appellant.*

*Don W. Taylor* (of *Fristoe, Taylor & Schultz*), for appellant.

*Donald Ingersoll,* for respondents.

PETRIE, J.—The issue presented by this appeal is whether certain "access rights" granted to plaintiffs created an easement appurtenant to their land or merely created an easement in gross. More particularly, the issue is whether the access easement can be appurtenant to the dominant estate notwithstanding the fact that the way created over the servient estate neither abuts nor terminates on the dominant estate. The trial court held that the easement created could be, and in this case was, legally—even though not geographically—appurtenant to the dominant estate. We agree.

Prior to 1969, plaintiffs' and defendant's common predecessor owned a rectangular-shaped piece of real property in Thurston County extending westerly from the Boston

Harbor Road to the beach. See figure below. In April, 1959 the plaintiffs acquired lots 1, 2 and 3, the portion of the rectangle which fronts on the road, except the south 30 feet of the rectangle. The common predecessor retained the beach property and also the 30-foot strip on the south, which extends to the road. The common predecessor did, however, convey to the plaintiffs "access rights" over the southerly 10 feet. In November, 1959, the common predecessor conveyed the remaining piece of the rectangle to defendant's immediate predecessor "Subject to access rights of owners of lots 1, 2 and 3 in said Block over the southerly 10 feet of [the original rectangle]." Defendant subsequently acquired this remaining piece "subject to rights and reservations of record."

From the foregoing, it can be seen that there is a 20-foot strip of land (owned by the defendant) between plaintiffs' property and the 10-foot easement over defendant's property. In order for plaintiffs to utilize their access way it is necessary either that they cross over this intervening 20-foot strip or proceed down Boston Harbor Road to the easterly terminus of the easement.

Defendant contends that this noncontiguous nature of the access necessarily resulted in an easement in gross only. The precise issue does not appear to have been re-

solved in this state. This jurisdiction is, however, rather forcefully committed to the rule that easements in gross are not favored.

The questions as to when covenants do or do not run with the land, and whether easements are appurtenant or in gross, were among the most abstruse and technical questions of the common law. And when one goes to the earlier cases, he meets confusion and conflict. Many of the old doctrines have since been expressly overruled; others seem to be ignored; and more and more equity has come to enforce covenants which technically do not run with the land.

It is well settled in law that easements in gross are not favored: and *a very strong presumption exists in favor of construing easements as appurtenant.*

(Italics ours.) *Pioneer Sand & Gravel Co. v. Seattle Constr. & Dry Dock Co.,* 102 Wash. 608, 618, 173 P. 508 (1918).

██ Cases in other jurisdictions have been collected and commented upon in an annotation at 76 A.L.R. 597 (1932). The "majority rule" appears to be that an appurtenant easement can be created notwithstanding the failure of the way to touch the dominant estate, the intention of the parties being the primary factor. The "minority rule" appears to be that failure of geographic appurtenance defeats legal appurtenance. We see no reason to follow the strict, minority rule. In the case at bench the easement was a creature of an express contract. The intentions of parties to a contract are paramount in the absence of some overriding public policy which would prohibit creation of the entity intended. We know of no such public necessity which would prevent parties from creating an access easement running with the land even though the easement be geographically separated from the land for whose benefit the easement was established.

In the instant case, the intention of the common predecessor, who created the easement, is clearly manifest by the deed given in November, 1959, to the defendant's immediate predecessor. The property was conveyed subject to the

easement rights previously conveyed to "owners of lots 1, 2 and 3"—and not to the named individuals in person. *See Cowan v. Gladder,* 120 Wash. 144, 206 P. 923 (1922). The benefit of the easement serves to enhance the use and enjoyment of the dominant estate. There are certainly no facts which would tend to negate the very strong presumption which exists in favor of construing easements as appurtenant.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.