[No. 6670-1.   Division One.   May 29, 1979.]

AUGUST R. WINSTEN, ET AL, *Appellants,* v. GAIL L. PRICHARD, ET AL, *Respondents.*

*Lawrence B. Guisinger,* for appellants.

*Ted Zylstra,* for respondents.

JAMES, J.—This is an appeal from a summary judgment entered in favor of Gail and Judith Prichard establishing their right to a 5–foot easement across the property of August and Donnabelle Winsten.

Title to the Prichard and Winsten property was previously held by O. S. Buehler, who subdivided his land into 15 lots. In 1967, Buehler sold lots 12 through 15 to the Winstens' predecessors in interest by a real estate contract which stated that the land was

> [f]ree of encumbrances, except: a non–exclusive easement across the . . . South 5 ft of the above described property for ingress, egress and utilities.

Exhibit B. The warranty deed which followed contained the same reservations.

In 1969, Buehler sold lots 9 through 11 to the Prichards by a real estate contract which did not mention the 5–foot easement.

The Winstens purchased lots 12 through 15 in 1976 by a real estate contract which recited that the land was encumbered by an easement for ingress, egress and utilities recorded July 1, 1968. The reference is to the real estate

contract whereby Buehler sold to the Winstens' predecessors.

Thereafter, the Winstens brought this quiet title action against the Prichards seeking to void the easement. Both parties moved for summary judgment and the trial judge ruled that a viable easement existed appurtenant to the Prichards' land. The Winstens appeal.

The record reveals that there is no dispute as to the dispositive facts. The issue, therefore, is whether the trial judge correctly concluded that the Prichards were entitled to judgment as a matter of law. The Winstens argue that the judge's conclusion was incorrect because the disputed easement was "in gross" rather than "appurtenant" to the Prichards' land. We disagree.

■■ Express easements in land may be created by either grant or reservation. An easement "in gross" is one which benefits an individual, whether or not he owns another tract of land. If the prime beneficiary of the easement is another tract of land, regardless of who owns such tract, then the easement is "appurtenant." 2 G. Thompson, *Commentaries on The Modern Law of Real Property,* § 321, at 57 (J. Grimes repl. 1961).

Easements in gross are not favored and a very strong presumption exists in favor of construing easements as appurtenant. *Kemery v. Mylroie,* 8 Wn. App. 344, 506 P.2d 319 (1973).

> Where it appears by a fair interpretation of a reservation in a deed, in connection with surrounding circumstances, that it was the intention to reserve a right in the nature of an easement in the land conveyed, for the benefit of the grantor's other land, such right will be deemed appurtenant to such land, and not a right in gross.

(Footnote omitted.) 2 G. Thompson, *Commentaries on The Modern Law of Real Property,* § 324, at 85 (J. Grimes repl. 1961).

■ Here, the easement reserved was for "ingress, egress and utilities." Ingress, egress and utilities are purposes which are normally associated with land use rather than

personal convenience. Especially is this true of an easement for "utilities." The reservation in Buehler's deed to the Winstens' predecessors, coupled with the fact that Buehler retained ownership of the neighboring lots 9 through 11 when the easement was reserved, is prima facie evidence of an intention that the easement benefit those lots. No evidence demonstrates a contrary intention. The trial judge properly concluded that the easement reserved was "appurtenant" rather than "in gross."

The fact that the reservation of the easement was not contained in the Prichards' real estate contract is not significant.

An easement which by grant, reservation, or prescription is appurtenant to land is not a mere privilege to be enjoyed by the person to whom it is granted or by whom it is reserved. It passes by a deed of such person to his grantee and follows the land without any mention whatever.

(Footnote omitted.) 2 G. Thompson, *Commentaries on The Modern Law of Real Property*, § 322, at 69 (J. Grimes repl. 1961). *See Loose v. Locke*, 25 Wn.2d 599, 171 P.2d 849 (1946).

The Winstens also argue that the easement was extinguished by nonuse. Mere nonuse of an easement for no matter how long a period will not extinguish it. *Netherlands Am. Mortgage Bank v. Eastern Ry. & Lumber Co.*, 142 Wash. 204, 252 P. 916 (1927).

Affirmed.

SWANSON and DORE, JJ., concur.