[No. 4776-4-II.   Division Two.   June 22, 1982.]

DON GREEN, ET AL, *Appellants*, v. JAMES P. LUPO, ET AL, *Respondents*.

*Christopher Boutelle,* for appellants.

*Alan Rasmussen,* for respondents.

PETRICH, A.C.J.—The plaintiffs, Don Green and his wife Florence, initiated this suit to specifically enforce an agreement to grant an easement. From a decree which determined that the contemplated easement was personal rather than appurtenant to their land as claimed, plaintiffs appeal. We reverse.

The issue raised on appeal is whether parol evidence is admissible to construe an easement as personal to the grantees where the easement is agreed in writing to be for ingress and egress for road and utilities purposes but the writing does not expressly characterize the easement as either personal or appurtenant. We believe that parol evidence was properly admitted here but the conclusion that the easement is personal to plaintiffs was erroneous.

The parties involved are adjoining landowners. The plaintiffs, once the owners of the entire tract, now retain several acres located south of the defendants' property. The defendants purchased their parcel (the north tract) from the plaintiffs by real estate contract. While they were still paying on that contract, the defendants requested a deed release to a small section of the north tract to allow financing for the construction of a home. The plaintiffs agreed in return for the promise of an easement along the southern 30 feet of the north tract when the defendants eventually obtained title. The express terms of the promised easement were contained in a written agreement which was executed in the form required for the conveyance of an interest in real property. RCW 64.04.

The plaintiffs' development of their land for mobile home occupancy caused tension between the landowners. Apparently some of the occupants of plaintiffs' mobile home development used the easement as a practice runway

for their motorcycles. When the defendants obtained title to the north tract they refused to formally grant the easement as promised. They also placed logs along the southern boundary of the easement to restrict access from the plaintiffs' property. The plaintiffs brought this action to obtain specific performance of the promise to grant an easement and to enjoin any interference with their use of the easement.

Evidence was admitted describing a single–family cabin or residence built by or for the plaintiffs in the northeast corner of the plaintiffs' tract. It was defendants' contention, and they so testified, that the purpose of the easement was to serve the plaintiffs in their personal use and occupancy of this cabin or home. They claimed the easement was not intended to serve the plaintiffs' entire tract, part of which had been developed as a mobile home site, and which had access by other existing roads.

The trial court concluded that an easement was granted for the use and benefit of the plaintiffs alone and could not be assigned or conveyed. The court ordered the plaintiffs' use to be limited to ingress and egress for their own home or cabin and prohibited the passage of motorcycles.

It was the duty of the court in construing the instrument which created the easement to ascertain and give effect to the intention of the parties. The intention of the parties is determined by a proper construction of the language of the instrument. Where the language is unambiguous other matters may not be considered; but where the language is ambiguous the court may consider the situation of the property and of the parties, and the surrounding circumstances at the time the instrument was executed, and the practical construction of the instrument given by the parties by their conduct or admissions. *Seattle v. Nazarenus,* 60 Wn.2d 657, 665, 374 P.2d 1014 (1962); *Broadacres, Inc. v. Nelsen,* 21 Wn. App. 11, 583 P.2d 651 (1978). Simply stated, parol evidence may always be used to explain ambiguities in written instruments and to ascertain the intent of the parties. *Levy v. North Am. Co. for*

*Life & Health Ins.,* 90 Wn.2d 846, 852, 586 P.2d 845 (1978); *see also Green River Vly. Found., Inc. v. Foster,* 78 Wn.2d 245, 473 P.2d 844 (1970); *Corinthian Corp. v. White & Bollard, Inc.,* 74 Wn.2d 50, 442 P.2d 950 (1968); *Brower Co. v. Baker & Ford Co.,* 71 Wn.2d 860, 431 P.2d 595 (1967); *Harding v. Warren,* 30 Wn. App. 848, 639 P.2d 750 (1982); *Weyerhaeuser Co. v. Burlington N., Inc.,* 15 Wn. App. 314, 549 P.2d 54 (1976); *Lynch v. Higley,* 8 Wn. App. 903, 510 P.2d 663 (1973); *Dennis v. Southworth,* 2 Wn. App. 115, 467 P.2d 330 (1970).

The pivotal issue in deciding the propriety of admitting parol evidence is whether the written instrument is ambiguous. A written instrument is ambiguous when its terms are uncertain or capable of being understood as having more than one meaning. *Ladum v. Utility Cartage, Inc.,* 68 Wn.2d 109, 116, 411 P.2d 868 (1966); *Harding v. Warren, supra; Rydman v. Martinolich Shipbuilding Corp.,* 13 Wn. App. 150, 534 P.2d 62 (1975); *Spahn v. Pierce Cy. Med. Bur., Inc.,* 7 Wn. App. 718, 502 P.2d 1029 (1972); *Murray v. Western Pac. Ins. Co.,* 2 Wn. App. 985, 472 P.2d 611 (1970).

■ The written instrument promised the easement specifically to the plaintiffs, to "Don Green and Florence B. Green," and described the easement as "for ingress and egress for road and utilities purpose." The designation of named individuals as dominant owners evidences an intent that the easement be personal to the named parties. *Kemery v. Mylroie,* 8 Wn. App. 344, 506 P.2d 319 (1973). The grant of an easement for ingress, egress and utilities to the owners of adjacent land is evidence of an intent that the easement benefit the grantees' adjacent land. *Winsten v. Prichard,* 23 Wn. App. 428, 597 P.2d 415 (1979). We find that the instrument was ambiguous as to whether the easement granted was personal to the plaintiffs or appurtenant to their land. We therefore conclude that parol evidence was properly admitted.

■■ The trial court's findings of fact are supported by

competent evidence and are not assigned as error; they must be considered as verities on appeal. *McIntyre v. Fort Vancouver Plywood Co.,* 24 Wn. App. 120, 600 P.2d 619 (1979). The court's findings do not, however, support the conclusion that the easement was personal. The court found that the easement was granted for ingress, egress, for road and utilities purposes. As we have noted, the grant of such an easement supports the conclusion that the easement was intended to be an easement appurtenant. In addition, the trial court found "the use of the easement by the plaintiff was *to obtain access to the land,* retained by plaintiff, for the construction and habitation by plaintiff in a cabin." (Italics ours.) This finding also supports the conclusion that the easement was intended to benefit plaintiffs' land.

The trial court's conclusion that the easement was personal to the plaintiffs was erroneous. There is a strong presumption in Washington that easements are appurtenant to some particular tract of land; personal easements, easements in gross, are not favored. *Pioneer Sand & Gravel Co. v. Seattle Constr. & Dry Dock Co.,* 102 Wash. 608, 173 P. 508 (1918); *Roggow v. Hagerty,* 27 Wn. App. 908, 621 P.2d 195 (1980); *Kemery v. Mylroie, supra.* An easement is not in gross when there is anything in the deed or the situation of the property which indicates that it was intended to be appurtenant to land retained or conveyed by the grantor. 2 G. Thompson, *Real Property* § 324, at 78 (1980 repl.). Viewed in this light, the court's factual findings mandate the conclusion that the easement was intended to be appurtenant to plaintiffs' property.

Easements appurtenant become part of the realty which they benefit. Unless limited by the terms of creation or transfer, appurtenant easements follow possession of the dominant estate through successive transfers. The rule applies even when the dominant estate is subdivided into parcels, with each parcel continuing to enjoy the use of the servient tenement. *Clippinger v. Birge,* 14 Wn. App. 976,

547 P.2d 871 (1976). *See also Winsten v. Prichard, supra.* The terms of the easement promised do not limit its transfer. The easement promised the plaintiffs is appurtenant to their property and assignable to future owners of that property.

■ The defendants request that equitable limitations be imposed on any easement granted. A servient owner is entitled to impose reasonable restraints on a right of way to avoid a greater burden on the servient owner's estate than that originally contemplated in the easement grant, so long as such restraints do not unreasonably interfere with the dominant owner's use. *Rupert v. Gunter,* 31 Wn. App. 27, 640 P.2d 36 (1982).

Testimony presented at trial showed that youngsters who now live on the dominant estate use their motorcycles on the easement in a fashion that constitutes a dangerous nuisance which was not considered when the easement was created. This evidence supports the imposition of equitable restrictions on the dominant owners' use, restrictions which will not unreasonably interfere with that use.

The trial court enjoined the use of motorcycles on the easement. There is insufficient evidence on the record to assess the impact of a complete ban on motorcycle use on the dominant estate's owners. Motorcycles are a common means of transportation. On its face, the ban appears to unreasonably interfere with the dominant owners' use of the easement. Although an equitable solution to the motorcycle problem is necessary, the trial court abused its discretion in imposing a ban on motorcycles without proper consideration of the ban's effect on the dominant owners' use of the easement.

Reversed and remanded with directions to modify the decree so as to declare the easement for ingress and egress for road and utility purposes to be appurtenant to plaintiffs' property and to devise reasonable restrictions to

assure that the easement shall not be used in such a manner as to create a dangerous nuisance.

PETRIE, J., and THOMPSON, J. Pro Tem., concur.