[No. 5620–8–II.   Division Two.   September 6, 1983.]

OSCAR HOFFMAN, ET AL, *Appellants,* v. RALPH E. SKEWIS, ET AL, *Respondents.*

*Randall R. Walker,* for appellants.

*Roger D. McIntosh,* pro se, *Clifford F. Cordes III,* and *Richard G. Phillips, Jr.,* for respondents.

REED, J.—Plaintiffs, owners of the dominant estate, appeal entry of a summary judgment which awarded defendants, owners of the servient estates, a joint easement with plaintiffs. The dispositive issue is whether issues of fact exist regarding plaintiffs' claim they established an exclusive easement by prescription. We reverse and remand for trial.

In 1949, plaintiffs' predecessor, Edward Thornton, brought a condemnation action against defendants' predecessors, Charles and Lillian Truex, to establish a private way of necessity across the latter's land. *See* RCW 8.24.010. The court awarded Thornton a "permanent easement as a private way of necessity for his private use . . ." over the Truex property. In 1963, defendants Gerlings bought the Truex property. In 1973, the Hoffmans purchased the former Thornton property. Since 1973, the Gerlings have sold part of their tract to defendants Skewis, McIntosh, and Hanover, and the Hoffmans have sold parcels of their property to two of their adult children.

The Hoffmans brought this suit to enjoin defendants from using the road that was awarded to Thornton as an easement in 1949. Hoffmans contend they have an exclusive

easement over the road, while defendants claim all contiguous landowners are entitled to the easement. Alternatively, defendants contend they are entitled to the easement by prescription. The Hoffmans moved for summary judgment, but the court denied the motion, finding material facts in dispute regarding defendants' prescriptive easement claim. Defendants later moved for partial summary judgment and the court granted full summary judgment. The court concluded the 1949 judgment awarded Thornton an exclusive easement. It also stated in its memorandum opinion that the Hoffmans had allowed their children and business customers to use the road. Therefore, the court reasoned, the Hoffmans had abused their exclusive easement and defendants were entitled to a joint easement with the Hoffmans.

█ █ Summary judgment should not be granted unless the pleadings, depositions, admissions, affidavits, and all reasonable inferences that may be drawn therefrom show there is no genuine issue as to any material fact, and the moving party is entitled to judgment. *Olympic Fish Prods., Inc. v. Lloyd*, 93 Wn.2d 596, 611 P.2d 737 (1980). Hoffmans first contend the 1949 judgment awarded their predecessor an exclusive easement over defendants' property. They claim the easement was exclusive because it was created for Thornton's *private* use as a *private* way of necessity. We disagree. Thornton brought a private condemnation action pursuant to RCW 8.24.010 which provides in part:

> An owner . . . of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity . . . across, over or through the land of such other, . . . may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity . . . The term "private way of necessity," as used in this chapter, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress . . .

The word "private," as used in RCW 8.24.010, does not mean "exclusive," but rather, is used in contrast to "public." RCW 8.24.010 allows a private party to sue one who is

not his grantor to establish a way of necessity. *Hellberg v. Coffin Sheep Co.,* 66 Wn.2d 664, 404 P.2d 770 (1965). The easement thus established is a mere right of passage over land, to be used jointly with the condemnee. *Brown v. McAnally,* 97 Wn.2d 360, 644 P.2d 1153 (1982). The condemnor's use of the easement may neither impair nor destroy full use of the road by the condemnees. *Brown,* 97 Wn.2d at 368. In essence the easement obtained through statutory condemnation differs not at all in scope from that which would arise by implication between a grantor and his landlocked grantee. *Cf. Hellberg v. Coffin Sheep Co.,* 66 Wn.2d at 667. Therefore, the 1949 judgment did not award the Hoffmans' predecessor an exclusive easement over defendants' property.

■ The Hoffmans next contend that, even if the original easement was not exclusive, summary judgment was improper because factual issues exist regarding whether the Hoffmans and their predecessors converted the easement to their exclusive use by prescription. We agree.[1] To establish an exclusive easement by prescription, the possession must be open and notorious, actual and uninterrupted, hostile, exclusive and under a claim made in good faith. *See Muench v. Oxley,* 90 Wn.2d 637, 584 P.2d 939 (1978). The necessary period of possession is 10 years. RCW 4.16.020. The Hoffmans alleged in their complaint that they and their predecessors had, for over 20 years, used the roadway for ingress and egress in a uniform, exclusive, continuous, uninterrupted and adverse manner under claim of right. They supported the complaint with Mrs. Truex' affidavit. She stated that Mr. Thornton built the roadway and immediately placed a fence on either side of the road. The fence existed until defendants Gerlings began tearing down portions of it in 1975. The Truexes never used the road. In

---

[1]Defendants contend an exclusive easement may not be established by prescription, citing *Broadacres, Inc. v. Nelsen,* 21 Wn. App. 11, 583 P.2d 651 (1978). We disagree. In *Broadacres,* the court merely held there was insufficient evidence that the right of exclusive use of the easement was acquired by prescription. *Broadacres,* 21 Wn. App. at 15.

1963, the Truexes sold their property to the Gerlings, but continued to live in the neighborhood. Mrs. Truex testified that only the owners of the Thornton tract used the road in a uniform, exclusive, continuous, uninterrupted and adverse manner under claim of right. Defendants answered with a general denial and counterclaim, alleging that they and their predecessors had used the road for over 20 years for ingress and egress in a uniform, exclusive, continuous, uninterrupted and adverse manner under claim of right. Mr. Gerlings said in his countering affidavit that he and his wife had used the road since 1963 to move horses and cows onto the property and for access. Viewed as a whole, the pleadings and affidavits present factual issues regarding whether the Hoffmans established an exclusive easement by prescription. *Cf. Northwest Cities Gas Co. v. Western Fuel Co.,* 13 Wn.2d 75, 123 P.2d 771 (1942) (a prescriptive right to an *extended* easement may be acquired by excessive user). Assuming the Hoffmans could prevail on their exclusive easement claim at trial, the pleadings and affidavits also present factual issues regarding whether defendants thereafter acquired prescriptive rights of user in the road.

■■ Defendants contend that, even if the Hoffmans could prove they converted the easement to their exclusive use, as a matter of law, they must be deemed to have abandoned the right to exclusive use by allowing their business customers and adult children to use the road. We disagree. The Hoffmans would not abandon exclusive use of the road simply by permitting business customers to use it. Neither would the Hoffmans abandon an exclusive easement by subdividing their tract, selling to their children, and letting the children use the road. Mr. Thornton, the Hoffmans' predecessor, acquired an easement of necessity, which by its very nature was intended to benefit the dominant tract. Therefore, the easement was appurtenant. *See North Am. Non Metallics, Ltd. v. Erickson,* 24 Wn. App. 892, 604 P.2d 999 (1979); Restatement of Property § 453 (1944). Unless limited by the terms of creation or transfer, appurtenant easements follow ownership of the dominant estate through

successive transfers. *Green v. Lupo,* 32 Wn. App. 318, 322, 647 P.2d 51 (1982). The rule applies even when the dominant estate is subdivided into parcels, with each parcel continuing to enjoy the use of the servient tenement. *Clippinger v. Birge,* 14 Wn. App. 976, 547 P.2d 871 (1976). Therefore, the children, as owners of the subdivided parcels, were entitled to use the easement for ingress and egress; such a user would not constitute an abandonment by the parents.

Reversed and remanded for trial.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied December 1, 1983.

Review denied by Supreme Court February 15, 1984.