**FILED**
**APRIL 25, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In Matter of the Marriage of | ) | No. 34314-6-III |
| | ) | |
| TINA LOUISE MEYETTE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| DAN MICHAEL MEYETTE, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — The principal issue is whether the trial court abused its discretion in how it divided the parties' personal property. We determine the trial court did not abuse its discretion and affirm.

FACTS

Tina Meyette and Dan Meyette separated in December 2012 after more than 30 years of marriage. The marital dissolution trial occurred in November 2015. The issues to be tried involved the equitable distribution of property and Ms. Meyette's request for maintenance. In accordance with a Grant County local rule, both parties submitted trial

briefs with attached property worksheets the day before trial. Both property worksheets listed similar items, but valued the items differently.

At the beginning of trial, Ms. Meyette told the trial court she used hearing aids to address her poor hearing. She asked the court to speak up when talking and afterward personally replied that she could hear, albeit with difficulty.

Ms. Meyette testified about several items of property, including items not on either property worksheet. Mr. Meyette objected whenever questions were asked about items not on the worksheets. The trial court generally overruled the objections.

On cross-examination, Mr. Meyette questioned Ms. Meyette about her individual retirement account (IRA) and why her IRA was not on her worksheet. Ms. Meyette testified that her IRA was worth $5,000. She explained there were a lot of items not on her worksheet, including her IRA. She implied the items that were not on the worksheets were previously divided and testified the omitted items "equalized out." Clerk's Papers (CP) at 306.

As the trial progressed, it became apparent that Ms. Meyette had difficulty hearing questions and answers. About halfway through trial, the trial court provided a listening device for Ms. Meyette's use. Ms. Meyette appeared satisfied with the device, and she never indicated she needed further assistance.

2

After testimony concluded, the trial court determined the value of various assets, equitably distributed those assets, and declined Ms. Meyette's request for maintenance.

Ms. Meyette filed a motion for reconsideration. Among other issues raised, she asserted the trial court erred in excluding evidence of property not on the worksheets; alternatively, if such items were properly excluded, she argued the trial court erred when it considered her unlisted $5,000 IRA. The trial court issued a thorough letter in response to her motion and entered a similarly thorough order. In general, the trial court explained it allowed evidence of various items not on the worksheets, but it did not give her credit for those items mostly because she failed to provide evidence of the items' values.

Ms. Meyette timely appealed.

## ANALYSIS

All property is before the court for distribution in a marriage dissolution. *In re Marriage of Zier*, 136 Wn. App. 40, 45, 147 P.3d 624 (2006). The trial court has broad discretion in awarding property, and this court will reverse only for manifest abuse of discretion. *Id.* A trial court's decision to exclude evidence will be reversed only where it has abused its discretion. *Kappelman v. Lutz*, 167 Wn.2d 1, 6, 217 P.3d 286 (2009). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons. *Id.*

3

## A. PROPERTY NOT LISTED ON WORKSHEETS

Ms. Meyette contends the trial court erred when it refused to admit evidence of property not listed on the worksheets. Ms. Meyette argues that all property is before the trial court in a dissolution, and the trial court declined to take evidence on several items. Specifically, she argues the trial court erred in excluding evidence of $20,000 from the sale of two tractor-trailers, $2,500 of firewood, $2,500 worth of steel guardrail, $600 worth of guns, $420 worth of ammunition, $2,500 worth of corral panels, and "[o]ther items of property [that] would have been discussed but were not even brought up due to the consistent denial of its admission." Br. of Appellant at 3.

*$20,000 proceeds from tractor sales*

The trial court allowed Ms. Meyette to testify about the proceeds from the 2005 tractor sale. Ultimately, the trial court was unpersuaded that the proceeds were converted to Mr. Meyette's personal use. By implication, the trial court determined that the sale proceeds remained with and were used by the community between 2005 and when the parties separated in 2012. For this reason, the trial court declined to divide the alleged proceeds. Substantial evidence supports the trial court's findings in this regard, and we will not disturb those findings.

*Firewood*

The trial court allowed Ms. Meyette to testify about firewood located at the marital residential property occupied by Mr. Meyette. The trial court explained that it did not list the firewood in the property award because Ms. Meyette failed to testify concerning the value of it. Because there was no basis for the trial court to value the firewood, we agree with the trial court's decision to not ascribe a value to this item.

*Steel guardrail*

The trial court allowed some testimony about the steel guardrail, but ultimately sustained an objection to further testimony. The trial court explained that the guardrail was not listed in the worksheets, and there was no documentary evidence of it. Given the trial court's prior willingness to excuse the nondisclosure of various items, we cannot say the trial court abused its discretion when it finally called a halt to such testimony.

*Guns*

Ms. Meyette began testifying about the value of Mr. Meyette's guns, another unlisted item. Mr. Meyette objected on the basis that guns were not on the worksheets. Ms. Meyette agreed and withdrew her question. Because the trial court did not make an evidentiary ruling, we have nothing to review.

*Ammunition, corral panels, and other items not discussed at trial*

Ms. Meyette asserts the trial court's refusal to allow her to testify about items not on the worksheets resulted in her decision not to testify about other items not listed, such as ammunition and corral panels. She argues we should remand and instruct the trial court to allow her to present evidence of these and other items not discussed at trial. There is no authority for her requested relief.

Ms. Meyette had three years to determine what property to list on her worksheet. She failed to list some items. The trial court allowed testimony of some unlisted items despite the requirements of the Grant County local rule. Ms. Meyette does not argue that the local rule is improper nor does she argue why the trial court erred in eventually enforcing it. Even had the trial court prohibited Ms. Meyette from testifying about unlisted items, it would have been well within its authority under the local rule. We find no error.

*Ms. Meyette's $5,000 IRA*

Ms. Meyette argues the trial court treated her inconsistently when it excluded evidence she wished to raise of unlisted property but allowed Mr. Meyette to question her about her $5,000 IRA. We disagree.

6

First, Ms. Meyette did not object to Mr. Meyette's questions concerning her IRA. Second, the trial court was consistent in allowing unlisted property items to be discussed, provided that sufficient evidence was presented that the property existed and had value. Ms. Meyette acknowledged the existence of her IRA and its $5,000 value. The trial court treated both parties equally.

B.    CLAIMS OF STATUTORY AND CONSTITUTIONAL VIOLATIONS FOR LATE DISABILITY ACCOMMODATION

Ms. Meyette contends the trial court violated RCW 2.42.120(1) and her right to due process by not appointing an interpreter to assist her. She cites RCW 2.42.120(1), which requires a court to provide a hearing impaired person a qualified interpreter.

Subject to three exceptions, an appellate court may refuse to review a claim of error not raised in the trial court. RAP 2.5(a). Ms. Meyette did not request the trial court to appoint an interpreter for her. We therefore decline to address her statutory argument.

An exception to the above rule allows an appellate court to review a "manifest error affecting a constitutional right." RAP 2.5(a)(3). But courts will not address a constitutional argument that lacks adequate briefing. *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 169, 876 P.2d 435 (1994). Insofar as Ms. Meyette claims a constitutional deprivation of her due process rights, she cites no authority and makes no argument. We therefore decline to address her inadequately briefed constitutional argument.

7

C.  ATTORNEY FEES

Mr. Meyette seeks an award of attorney fees pursuant to RCW 4.84.185. That statute permits an award of attorney fees upon written findings entered by the judge that the action, counterclaim, cross claim, third party claim, or defense was frivolous and advanced without reasonable cause.

RCW 4.84.185 does not apply to a request for attorney fees on appeal. *Hanna v. Margitan*, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016) (citing *Bill of Rights Legal Found. v. Evergreen State Coll.*, 44 Wn. App. 690, 697, 723 P.2d 483 (1986)). First, appellate courts do not enter findings. Second, an appeal is not an action, counterclaim, cross claim, third party claim, or defense. We therefore decline to award Mr. Meyette attorney fees on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

*Lawrence-Berrey,* ꓘ
Lawrence-Berrey, J.

WE CONCUR:

*Fearing,* J.
Fearing, C.J.

*Korsmo,* J.
Korsmo, J.

8