# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE PARENTAGE OF P.A.A. | ) | |
| | ) | |
| ALEMAYEHU A. JIMMA, | ) | |
| | ) | No. 74101-2-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ADDISALEM WORDOFA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: November 14, 2016 |

SPEARMAN, J. — In this parentage action, Alemayehu Jimma appeals pro se the final parenting plan, the order of child support, the permanent restraining order and the award of attorney fees entered by the trial court.[1] Jimma fails, however, to provide a complete record for review of his claimed errors. Nor does he make specific assignments of error, provide meaningful legal analysis, cite to relevant legal authority or to the record. Because these deficiencies preclude our review of Jimma's claims, we affirm.

## FACTS

Addisalem Wordofa and Alemayehu Jimma are parents of a young son, P.A.A. The parties had been living together but separated in early 2013. Since then P.A.A. has lived primarily with Wordofa but would regularly visit his father.

---

[1] Jimma also appeals the order quashing his temporary protection order filed on November 26, 2014 and quashed on December 5, 2014. Because this order is not a final judgment in the parentage action, it is not properly before us on appeal. RAP 2.2(a)(1).

On June 23, 2013, Wordofa went to the police after Jimma refused to return P.A.A. to her care. She filed for a domestic violence protection order the following day (No. 13-2-23944-2 SEA). On September 27, 2013, the parties signed an agreement in which Jimma agreed to take a deoxynbonucleic acid (DNA) test to determine paternity as to P.A.A., undertake treatment for domestic violence, and avoid all contact with Wordofa. The agreement specified when and where the parties would meet to transfer their son, and that a third party would assist with the transfers. After the agreement was signed, Wordofa dismissed the petition for the protective order.

In October 2013, a problem arose with the exchanges because the third party decided not to participate any longer. Because the agreement did not provide alternative guidelines for transferring the child, the parties' relationship soured. After Wordofa kept P.A.A. for a few weeks, Jimma filed a motion for contempt, claiming that she was abusing and neglecting their son.

On December 23, 2013, the trial court denied the motion for contempt. The trial court found that the parties' agreement was enforceable, but that "the parties need[ed] to pursue an appropriate action and were advised to file a parentage action." Clerk's Papers (CP) at 78. The parties agreed to follow the visitation provision of the agreement and designated an alternate location for the exchange if the third party was not available.

Wordofa filed a parentage action on March 28, 2014, in King County Superior Court, Cause No. 14-5-00445-2 SEA (the Parentage Action). She also requested a permanent restraining order against Jimma and submitted a

proposed parenting plan. In this plan, Wordofa requested that Jimma's time be limited for history of acts of domestic violence, abusive use of conflict, withholding access to the child, "a pattern of coercive and controlling behavior against the mother." CP at 19. She also requested that the trial court order Jimma to enroll in a domestic violence treatment program and an early childhood parenting course. Wordofa's proposed plan provided that P.A.A. reside with her for the majority of the time and gave her sole decision-making power under RCW 26.09.191.

Jimma was served with the summons and petition on April 13, 2014. He immediately called the police and alleged that Wordofa was abusing P.A.A. He also filed for a restraining order and did not transfer P.A.A. as scheduled. The Seattle Police Department investigated the allegations of abuse but concluded they were unfounded. Wordofa sought an ex parte restraining order on April 30, 2014.

On May 14, 2014, the family court commissioner heard the motions for restraining orders and for temporary orders in the parentage action. The commissioner entered a temporary parenting plan and imposed mutual restraining orders against the parties, but reserved findings under RCW 26.09.191 and restrictions on residential time, pending final or further order of the court. The commissioner also referred the matter to Family Court Services (FCS) for evaluation of Wordofa's claims of domestic violence and Jimma's allegations of child abuse.

On May 27, 2014, Wordofa moved for revision of the commissioner's ruling to remove the restraining order against her and request that the court enter a new temporary parenting plan. On June 17, 2014, the State appeared in the action and requested that child support be determined and ordered.

The trial court granted Wordofa's motion for revision in part and terminated the restraining order against her. The court entered a new temporary parenting plan, but reserved the issue of whether to impose restrictions on residential time or decision-making until after the FCS evaluation had been completed. The trial court maintained the temporary restraining order against Jimma.

On November 26, 2014, Jimma filed an objection to the parenting plan, titled "Response ... to Petition for Residential Schedule/Parenting Plan/Child Support By Way of Counterclaim for Custody." CP at 157-162. He also sought and obtained a temporary restraining order against Wordofa. On December 4, 2014, Jimma filed a motion for revision of a commissioner's order and for a change of venue or judge. It appears that the revision motion was denied but that the matter was assigned to a different judge.[2]

On December 5, 2014, the commissioner entered an order to quash the temporary restraining order against Wordofa and awarded her attorney fees. The court found

---

[2] The record does not include the orders containing these decisions but the docket lists an order denying motion/petition entered on December 8, 2014, an order granting the motion to change judge entered on December 12, 2014 and an order for change of judge entered on December 16, 2014.

4

"that the respondent's motion for ex parte restraining order was improper and the court views this as abusive use of conflict. If the respondent/father wants to pursue another emergency order in the future, he must present it before Commissioner Velategui only after he has provided at least two days['] notice to the mother's attorney. The father's notice must be in writing and must be delivered by a third party to the mother's attorney. Notice may not be mailed."

CP at 220-221.

On January 12, 2015, Jimma filed a motion to revise the commissioner's December 5. 2014 order, seeking reinstatement of the temporary restraining order against Wordofa. The motion was denied.[3]

Trial commenced on July 21, 2015. On September 14, 2015, the trial court entered findings of fact and conclusions of law, a judgment and order determining parentage and granting additional relief, a final parenting plan, a final order of child support and worksheets, and a restraining order. The trial court found that a continuing restraining order was necessary, because:

The Respondent has engaged in a pattern of coercion and retaliation, both when the parties were together and after their January 2013 separation. A restraining order is necessary to prevent the Respondent from continuing to retaliate against the Petitioner after this legal action concludes. Respondent has shown that he will not stop trying to hurt the Petitioner unless the court intervenes. Family Court Services found that the Respondent engages in the abusive use of conflict (Trial Ex. 1). In December 2014, Commissioner Velategui also made a finding that the Respondent engages in the abusive use of conflict (Dkt 61A). Without the court's intervention, the Petitioner justifiably fears his retaliation will escalate to stalking and physical violence as it did when they were together.

---

[3] There is no order of denial included in the record but it is listed on the docket as Sub. #82, Order Denying Motion/Petition, entered on February 20, 2015.

Br. of Respondent, Appendix (App.) 1 at 2.5.[4] Additionally, the trial court found that "the conflict between the parties is being perpetuated primarily by the father and as such an abusive use of conflict restriction is appropriate." Id. at 2.8. Furthermore, the court also found that Jimma had not "taken full advantage of his visitation time with the child and on several occasions has cancelled visits shortly before they were to begin. The court finds that the father's pattern and habit of canceling his scheduled visits in this manner is an abusive use of the father's visitation rights and that it has significantly and negatively affected the mother. . . ." Id.

In its final parenting plan, the court restricted Jimma's residential time under RCW 26.09.191 because he had engaged in abusive use of conflict and he had abused the child in the past. The trial court also granted Wordofa sole decision-making authority. The court structured Jimma's residential time in phases, which were initially limited to one night per week (Phase 1) with the possibility of expansion to include every other weekend (Phase 2). In order for Jimma to have weekend residential time, the trial court ordered him to complete a state certified anger management program and exercise six months of visitation without four or more cancellations on fewer than 24 hours' notice. If Jimma fails to pick up or cancel more than four times, the order permitted Wordofa to seek modification of the parenting plan.

---

[4] Jimma has failed to comply with RAP 9.6(b)(1)(D)(F) which requires the party seeking review to include as part of the record on appeal any written orders, finding of fact and conclusion of law of which review is sought. In particular, the record here does not include the findings of fact and conclusions of law, the final parenting plan, the final order of child support or the restraining order. However, because these documents were provided as appendices to respondent's brief, we consider them as a courtesy to Jimma who, as we have noted, is representing himself in this appeal.

The order also provided that

> "[i]f at any time the court finds that the father has brought a matter to the court that is without merit, the mother may move the court to order that the father shall remain in (or revert back to) the Phase 1 schedule until he has completed a mental health screening and worked with a provider for three months or longer on managing and understanding the impact of his behavior on the child."

Br. of Resp., App.2 at 3.10(A). Additionally, if Jimma failed "to return the child at the end of any visit without good cause, he may be found in contempt and his residential time may be reduced upon the mother's motion. Id. at 3.10(C).

The trial court also accepted Wordofa's child support worksheets, including her actual income and Jimma's imputed income, and used those values to calculate Jimma's child support obligations. Jimma failed to provide any income information. The trial court also entered a final Restraining Order against Jimma and a money judgment for $1,188 in attorney's fees.

Jimma, acting pro se, appeals the findings of fact and conclusions of law, the judgment and order determining parentage and granting additional relief, the final parenting plan, the final order of child support, the restraining order, and the award of attorney fees.[5]

## DISCUSSION

Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App.

---

[5] Jimma also appears to seek review of certain post trial orders, including an order entered on January 12, 2016 finding him in contempt for violating the parenting plan. But because he failed to designate the orders in his Notice of Appeal we decline to review them. Generally, under RAP 2.4(a), we will review only "the decision or parts of the decision" the appellant designates in the notice of appeal. Although there are exceptions to this rule, none of them are applicable here.

621, 626, 850 P.2d 527 (1993). Failure to do so may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments that are not supported by any reference to the record or by citation of authority need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Unchallenged findings of fact are verities on appeal. Zunino v. Rajewski, 140 Wn. App. 215, 220, 165 P.3d 57 (2007) overruled on other grounds by Hanna v. Margitan, 193 Wn. App. 596, 373 P.3d 300 (2016).

As a preliminary matter, Jimma's brief contains a statement of the case with no citations to the record. This violates the rules of appellate procedure, which require that "[r]eference to the record must be included for each factual statement." RAP 10.3(a)(5). Jimma also fails to provide any discernible assignments of error, aside from stating that "all findings in this matter are those that are NOT based on any evidence in the record that could support the decision of the court. . . ." Br. of Appellant, section 17.[6]

We review a trial court's findings of fact and conclusions of law to determine whether substantial evidence in the record supports the findings and, if so, whether the findings support the trial court's conclusions. In re Marriage of Fahey, 164 Wn. App. 42, 55-56, 262 P.3d 128 (2011). The party seeking review

---

[6] Because the pages of Jimma's opening brief are not numbered, we refer to the sections of his brief in which the quoted text appears.

has the burden of perfecting the record so that the reviewing court has before it all of the relevant evidence. Bulzomi v. Dep't of Labor & Industries, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). An insufficient record on appeal precludes review of the assigned error. Id.

Here, the record is woefully incomplete. Jimma has not provided a full verbatim report of proceedings of the trial. Absent a verbatim report of proceedings, this court must assume that the evidence sustained the trial court's findings. Morris v. Woodside, 101 Wn.2d 812, 815, 682 P.2d 905 (1984). Thus the trial court's findings of fact regarding Jimma's parentage status, actions, and financial situation, are verities on appeal.

The trial court found that Jimma had "engaged in a pattern of coercion and retaliation," and that Wordofa "justifiably fear[ed] his retaliation will escalate to stalking and physical violence. . . ." Br. of Resp., Appx. 1. The trial court also found that his "pattern and habit of canceling his scheduled visits... [was] an abusive use of the father's visitation rights" and that Jimma had "abused his older child in the past and has engaged in the abusive use of conflict." Id. The court also found that Jimma's imputed monthly income was $3,569, upon which it calculated a monthly child support obligation of $524.90. Br. of Resp., Appx. 4.

Because these findings are verities on appeal, our review is then limited to a determination of whether the findings support the orders and judgment entered by the trial court. Chace v. Kelsall, 72 Wn.2d 984, 987-88, 435 P.2d 643 (1967). The trial court has broad discretion to fashion the residential provisions for the parenting plan, considering the statutory factors and the child's best interest.

No. 74101-2-I/10

RCW 26.09.187; In re Marriage of Jacobson, 90 Wn. App. 738, 743, 954 P.2d 297 (1998). Child support orders are also reviewed for an abuse of discretion. In re Marriage of (Griffin) Booth, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). Discretion is abused only when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).

Instead of claiming that the trial court's factual findings do not support its conclusions of law, Jimma presents an alternative version of the facts. He urges this court to reweigh the evidence and find in his favor. But we do not weigh evidence on appeal. In re Welfare of A.W., 182 Wn.2d 689, 711, 344 P.3d 1186 (2015). We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. In re Dependency of K.R., 128 Wn.2d 129, 144, 904 P.2d 1132 (1995). "Even where the evidence conflicts, a reviewing court must determine only whether the evidence most favorable to the prevailing party supports the challenged findings." State v. Black, 100 Wn.2d 793, 802, 676 P.2d 963 (1984). We hold that the trial court's findings of fact are verities on appeal. The trial court did not abuse its discretion when, based on its findings of fact, it entered the judgment and order determining parentage and granting additional relief, the final parenting plan, the final order of child support and worksheets, and the restraining order.

10

No. 74101-2-I/11

Affirmed.

WE CONCUR:

Spearman, J.

Appelwick, J.

Becker, J.

11