# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL ROUPP; ROUPP ENTERPRISES, INC.; ROUPP ENTERPRISES 401(K); and ROUPP ENTERPRISES DEFINED BENEFIT PLAN, <br><br> Respondents, <br><br> v. <br><br> LUCIUS GREGORY MEREDITH; EVAN JENSEN; KENNY ROWE; NAVNEET SUMAN; IAN BLOOM; ALEKSANDR BULKIN; EDWARD M. EYKHOLT; and RCHAIN COOPERATIVE, <br><br> Appellants. | No. 81915-1-I <br> (consol. with nos. 81917-8-I, 81950-0-I, 81952-6-I, and 81953-4-I) <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

APPELWICK, J. — RChain appeals from the denial of its motion to compel arbitration of the underlying action pursuant to the terms of its membership agreement. We affirm.

FACTS

RChain Cooperative is a Washington cooperative association established to develop a blockchain[1] platform for electronic transactions. In 2017, anyone

---

[1] A "blockchain" is a "'digital database consisting of a continuously growing list of records, called blocks. These blocks of data are chained together using cryptography, making it difficult to rewrite the older records. Further, a blockchain and the data on it can be simultaneously used and shared within a large, decentralized publicly available network.'" A.J. Bosco, Blockchain and the Uniform Electronic Transaction Act, 74 BUS. LAW. 243, 243-44 (2018).

Citations and pin cites are based on the Westlaw online version of the cited material.

interested in becoming a member of RChain was required to complete a membership application, affirm agreement with the "Membership Agreement," pay a $20 membership fee, and complete an identity verification interview. The Membership Agreement contains an arbitration provision:

> Binding Arbitration. Except for any disputes, claims, suits, actions, causes of action, demands or proceedings (collectively, "Disputes") in which either Party seeks to bring an individual action in small claims court or seeks injunctive or other equitable relief for the alleged unlawful use of intellectual property, including, without limitation, copyrights, trademarks, trade names, logos, trade secrets or patents, you and the [RChain] (i) waive your and the [RChain's] respective rights to have any and all Disputes arising from or related to these Terms resolved in a court, and (ii) waive your and the [RChain's] respective rights to a jury trial. Instead, you and the [RChain] will arbitrate Disputes through binding arbitration (which is the referral of a Dispute to one or more persons charged with reviewing the Dispute and making a final and binding determination to resolve it instead of having the Dispute decided by a judge or jury in court).

The Membership Agreement states that arbitration would be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and requires any arbitration to be conducted in accordance with the rules of the Judicial Arbitration and Mediation Services.

To generate startup capital, RChain sold cryptocurrency tokens called "RHOCs" that would eventually be converted into tokens called "REVs," which would allow users access to resources on the blockchain network. After becoming a member, Michael Roupp[2] purchased millions of RHOCs from RChain's underwriter, Pithia, Inc., f/k/a RChain Holdings, Inc. Roupp alleges that RChain digitally tainted his RHOCs, making them ineligible for exchange to REVs when

---

[2] Purchases were made by Michael Roupp, Roupp Enterprises, Inc., Roupp Enterprises 401(k), and Roupp Enterprises Defined Benefit Plan (collectively, "Roupp").

the platform launched. Roupp filed a lawsuit against RChain and the other defendants[3] for violations of the Securities Act of Washington, chapter 21.20 RCW, and the Consumer Protection Act, chapter 19.86 RCW, as well as tortious interferences with business expectancy.

RChain and certain defendants[4] moved to dismiss for failure to state a claim. Roupp moved for partial summary judgment declaring that RHOCs are securities within the meaning of RCW 21.20.005(17) based on the conclusions of law in a Washington State Department of Financial Institutions consent order signed by RChain. The trial court denied both motions on July 2, 2020.

RChain subsequently located internal records indicating that Roupp became a member of RChain in 2017. Roupp had applied to become a member of RChain on August 29, 2017. He paid the $20 membership fee and received an e-mail confirming his membership. On September 5, 2017, Jensen conducted a Skype[5] video call to confirm Roupp's identity.

Upon discovering this information, RChain[6] filed a motion to compel arbitration under the terms of the Membership Agreement. In response to the motion to compel, Roupp argued that RChain waived its right to compel arbitration and failed to demonstrate the existence of a valid agreement to arbitrate.

---

[3] Additional defendants, Lucius Gregory Meredith, Evan Jensen, Kenny Rowe, Naveneet Suman, Ian Bloom, Aleksandr Bulkin, and Edward Eykholt have held leadership roles within RChain.

[4] Defendants Meredith, Jensen, and RChain moved to dismiss. Defendant Bulkin joined the motion.

[5] "Skype" is Microsoft Corporation's video communication software.

[6] The motion was filed jointly by defendants Meredith, Jensen, Bloom, and RChain. Bulkin and Rowe also joined the motion.

According to Roupp, RChain could not demonstrate that he assented to the Membership Agreement prior to being granted membership. The trial court denied RChain's motion to compel, concluding that while RChain had not waived its right to assert arbitration, "[t]here is insufficient proof of a contract (offer and acceptance) of the terms of arbitration." The trial court "[did] not find that there is sufficient proof that [Roupp] signed the terms of any agreement that would have bound him to arbitration."

RChain[7] appeals this decision.

## DISCUSSION

I. Motion to Compel Arbitration

The trial court denied RChain's motion to compel arbitration. We review de novo a trial court's denial of a motion to compel arbitration. Weiss v. Lonnquist, 153 Wn. App. 502, 510, 224 P.3d 787 (2009). "Arbitration is a matter of contract." Healy v. Seattle Rugby, LLC, 15 Wn. App. 2d 539, 544, 476 P.3d 583 (2020). Parties cannot be compelled to arbitrate without an agreement. Id.; RCW 7.04A.070(1). When parties disagree about the existence of an agreement, "the court shall proceed summarily to decide the issue." RCW 7.04A.070(1). The threshold question is whether the parties entered into a valid agreement to arbitrate. Weiss, 153 Wn. App. at 511. A valid contract requires mutual assent to its essential terms, generally in the form of an offer and an acceptance. Id. But, an express agreement is not required. Marcus & Millichap Real Est. Inv. Servs. of

---

[7] Defendants Meredith, Jensen, Bloom, and RChain filed a joint notice of appeal. Bulkin, Eyekholt, Rowe, and Suman all filed separate notices of appeal.

Seattle, Inc. v. Yates, Wood & MacDonald, Inc., 192 Wn. App. 465, 474, 369 P.3d 503 (2016). "A party may consent to arbitration without signing an arbitration clause, just as a party may consent to the formation of a contract without signing a written document." Romney v. Franciscan Med. Grp., 186 Wn. App. 728, 747, 349 P.3d 32 (2015). The party asserting the existence of a contract bears the burden of proof. Weiss, 153 Wn. App. at 511.

RChain[8] contends that Roupp agreed to arbitrate as part of the Membership Agreement. As the party asserting the existence of an agreement to arbitrate, RChain has the burden of proof. Id. The record before the trial court did not include a signed Membership Agreement. Instead, RChain relies on Roupp's concession that he joined as a member in 2017. According to RChain, Roupp had to sign the Membership Agreement to become a member, therefore, Roupp agreed to the terms of the Membership Agreement including binding arbitration. Other than Roupp's acknowledgement that he applied to become a member, RChain failed to produce any evidence that Roupp signed the Membership Agreement.

RChain argues that Roupp's membership binds him to the arbitration through the Membership Agreement, under Marcus & Millichap, 192 Wn. App at 475. In Marcus & Millichap, the parties were both real estate brokerage firms and members of a member-owned trade association whose bylaws included an arbitration provision for disputes among members. Id. at 469-70. In response to a motion to compel arbitration, Marcus & Millichap claimed that it had no duty to

---

[8] Appellants RChain, Meredith, Jensen, and Bloom filed a joint opening brief. Bulkin, Suman, Eykholt, and Rowe all submitted briefs in joinder.

arbitrate because neither party had produced a signed membership agreement. Id. at 471. This court determined that "voluntary membership in a professional organization gives rise to a corresponding obligation to comply with that organization's bylaws." Id. at 469. Accordingly, "[a]bsent an express bilateral contract, voluntary membership in a professional organization establishes assent to an arbitration agreement contained in that organization's bylaws." Id. at 475. In Marcus & Millichamp, because the arbitration provision was included in the bylaws, a signed membership application was not needed to prove agreement to arbitrate. Id. at 477-78, 480

RChain's claims that Marcus & Millichap controls and no signed Membership Agreement is required to prove Roupp's assent to the agreement and its arbitration provision. But, unlike Marcus & Millichap, RChain's bylaws do not include a provision to arbitrate. The RChain bylaws state,

> Membership will be open to all persons or business entities who make an application in the form prescribed, who pay a membership fee in the amount prescribed by the Board of Directors (the "RChain Board") at the time of application, and who sign a membership agreement with RChain[.] Applications are subject to approval by the RChain Board[.] Applications for membership are presumed approved by the RChain Board unless specifically disapproved in accordance with criteria to be developed by the RChain Board.

While the bylaws reference the requirement of a signed Membership Agreement, they do not include an explicit arbitration provision themselves. RChain contends the bylaws incorporate the Membership Agreement by reference. However, incorporation by reference must be clear and unequivocal. Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 801, 225 P.3d 213 (2009). "'It must be clear that

the parties to the agreement had knowledge of and assented to the incorporated terms.'" W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc., 102 Wn. App. 488, 494-95, 7 P.3d 861 (2000) (quoting 11 SAMUEL WILLISTON, THE LAW OF CONTRACTS § 30:25, at 234 (Richard A. Lord ed., 4th ed.1999)).  A brief mention of the bylaws in one of the provisions of a membership agreement is not a clear and unequivocal intent to incorporate the terms of a separate agreement.

Marcus & Millichap does not relieve RChain of the need to prove that Roupp assented to the terms of the Membership Agreement.  RChain produced no evidence that Roupp had access to, reviewed or affirmed agreement to the Membership Agreement.  Because there is no proof of a binding contract to arbitrate, the trial court properly denied the motion to compel.

As an alternative argument, RChain contends the trial court should have held an evidentiary hearing if it had any doubts about the existence of an arbitration agreement. Marcus & Millichap suggests that an evidentiary hearing is appropriate if material facts necessary to determine the issues are controverted by admissible evidence.  192 Wn. App. at 472.  In this case, evidence of an enforceable agreement to arbitrate is absent, rather than controverted.  An evidentiary hearing was not warranted.

  II.    Attorney Fees on Appeal

Roupp requests fees and costs under RCW 4.84.185 for opposing a frivolous appeal.  RCW 4.84.185 allows a court to "require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action.  A frivolous action is one that cannot be

7

supported by any rational argument on the law or facts.  <u>Alexander v. Sanford</u>, 181 Wn. App. 135, 184, 325 P.3d 341 (2014).

RCW 4.84.185 is not a basis for recovery of fees on appeal.  <u>Hanna v. Margitan</u>, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016).  Moreover, the appeal is not frivolous.  Although ultimately distinguishable, RChain's argument that <u>Marcus v. Millichap</u>, 192 Wn. App at 475, applies is not irrational and devoid of merit.  We decline to award Roupp his fees and costs on appeal.

Affirmed.

_Appelwick, J._

WE CONCUR:

_Verellen, J._      _Dwyer, J._